## MAILLOUX v. ELXNIT.

Third Division.  Anchorage.  July 17, 1924.

No. 420–A.

**1. Admiralty ☞12—Common-Law Action.**

Plaintiff brought a common-law action before a justice of the peace to recover $1,000 due for the charter for a launch to defendant. A demurrer to the jurisdiction was interposed, upon the ground that it was a suit in admiralty. *Held*, it is not a proceeding in admiralty, and no admiralty remedy is available; remedy is by common-law action for recovery on the contract.

**2. Justices of the Peace ☞173(1)—Pleadings—Demurrer to Jurisdiction on Appeal.**

Where a demurrer to the jurisdiction is interposed on a trial before a justice of the peace, and overruled and on judgment the case is appealed to the district court, the same jurisdictional questions may be again raised and decided in the appellate court.

**3. Admiralty ☞2—Courts—Jurisdiction—Common Law.**

A suitor, who has a claim for seaman's wages, or for a breach of charter, or other similar demand, may sue thereon in admiralty, or in a common-law court. The case is nothing but contract, and the common-law court is competent to give the remedy.

Arthur G. Thompson, of Anchorage, for plaintiff.

L. V. Ray, of Seward, and Leopold David, of Anchorage, for defendant.

RITCHIE, District Judge. This case is an appeal from the justice court of Anchorage precinct. Plaintiff brought an action to recover $1,000, claimed by him to be due for the charter of a launch to defendant. A demurrer to the jurisdiction was filed in the court below by defendant. This demurrer was overruled, and the court gave judgment for plaintiff. The appeal to this court followed. Plaintiff's attorney argued that

the demurrer was waived by the appeal. I cannot agree with this contention. It has been a general rule of pleading from time immemorial that the general demurrer and the demurrer to jurisdiction are never waived, and can be raised at any time during the litigation, even for the first time in the appellate court. This rule is adopted by the Alaska Code. The reason for the rule is plain. No valid judgment can be rendered in any case, unless the court has jurisdiction, and a proper complaint, declaration, or bill upon which it can proceed.

If this case had been originally brought in the district court, I would have found little difficulty in deciding to overrule the demurrer. The point raised by the demurrer is that the original contract was one of admiralty and maritime jurisdiction, and therefore the justice court had no jurisdiction. Further, if instituted in the district court, it should have been on the admiralty side. I think the contention is disposed of by sections 127, 128, and 129 of Benedict's Admiralty (4th Ed.). Quoting from Story's Commentaries on the Constitution, the author says:

"The reasonable interpretation would seem to be that it conferred on the national judiciary the admiralty and maritime jurisdiction, exactly according to the nature and extent and modification in which it existed in the jurisprudence of the common law. When the jurisdiction was exclusive, it remained so; when it was concurrent, it remained so. Hence the states could have no right to create courts of admiralty as such, or to confer on their own courts the cognizance of such cases as were exclusively cognizable in admiralty courts. But the states might well retain and exercise the jurisdiction in cases of which the cognizance was formerly concurrent in the courts of common law. The latter class of cases can be no more deemed cases of admiralty and maritime jurisdiction than cases of common law."

The author proceeds to say:

"Sec. 128. The Judiciary Act, which established the United States courts and defined their jurisdiction, confirmed the existing right of the common-law courts, by providing that the federal District Courts shall have exclusive jurisdiction of 'all cases of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it.' The common-law remedy here mentioned is the right of a plaintiff to proceed in personam against a defendant; which remedy the common law is competent to give. * * *

"Sec. 129. Therefore a suitor who has a claim of seamen's wages, or for breach of charter or other similar demand, may sue thereon in admiralty, or in a common-law court. The case is nothing but con-

7 A.R.—13

tract, and the common-law court is competent to give the remedy. A common-law court may entertain an action of collision against the shipowner as a common-law action of tort, though it is not competent to give the peculiar remedy of a division of the damages, which an admiralty court may give. A common-law court may entertain a contract suit for salvage, and even a suit for salvage not on former contract, basing its jurisdiction on an implied contract. * * *"

Similar language is employed by Mr. Justice Brown in Knapp, Stout & Co. v. McCaffrey, 177 U. S. 638, 20 S. Ct. 824, 44 L. Ed. 921. He quotes from the opinion of Mr. Justice Field in The Moses Taylor, 4 Wall. 411, 18 L. Ed. 397, as follows:

"The distinguishing and characteristic feature of such suit is that the vessel or thing proceeded against is itself seized and impleaded as the defendant, and is judged and sentenced accordingly. It is this dominion of the suit in admiralty over the vessel or thing itself which gives to the title made under its decrees validity against all the world. By the common-law process, whether of mesne attachment or execution, property is reached only through a personal defendant, and then only to the extent of his title. Under a sale, therefore, upon a judgment in a common-law proceeding, the title acquired can never be better than that possessed by the personal defendant. It is his title, and not the property itself, which is sold."

Mr. Justice Brown states the distinction between proceedings that are or are not invasions of the exclusive admiralty jurisdiction as follows:

"If the cause of action be one cognizable in admiralty, and the suit be in rem against the thing itself, though a monition be also issued to the owner, the proceeding is essentially one in admiralty. If, upon the other hand, the cause of action be not one of which a court of admiralty has jurisdiction, or if the suit be in personam against an individual defendant, with an auxiliary attachment against a particular thing, or against the property of the defendant in general, it is essentially a proceeding according to the course of the common law, and within the saving clause of the statute (section 563) of a common-law remedy."

In this case it is difficult to see what remedy plaintiff could have, other than his law action. If he had been a seaman suing for wages, or had furnished supplies or repairs to the launch, he could have filed a libel in admiralty and attached the vessel without a bond.

It is unnecessary to suggest that, as the vessel was his own, he could recover nothing through the vessel from the defendant. To refer him to the admiralty for relief, under the cir-

cumstances of the case, would leave him without remedy, since the admiralty could give him none. The defendant had nothing upon which he could proceed in admiralty as a proceeding in rem to recover his claim.

The objection that the justice court could not take jurisdiction of the action appeared to me at first to be formidable, if not insuperable. However, for the reasons stated in the preceding paragraph, as it is obvious that plaintiff had no remedy, except in a law action, I see no reason why he could not bring his suit in the justice court, as long as the amount was within the jurisdiction of the justice. As it is not a proceeding in admiralty, and no admiralty remedy is available, there is no reason why any admiralty rule should apply. As for the attachment of the boat, even though it be of a size which requires registry, which does not appear from the record, and may or may not be true, there is still no reason that I can see why it could not be attached. As Mr. Justice Field said in The Moses Taylor Case, it is the title and not the vessel which has been resorted to by plaintiff to recover his claim.

It appears to me, therefore, that the demurrer must be overruled. Defendant is given 15 days to file an answer.